IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

```
RENEE RAMIREZ AND JESSE RAMIREZ,  )
Pro Per,                          )    2:11-cv-02371-GEB-KJN
                                  )
          Plaintiffs,             )
                                  )    ORDER
     v.                           )
                                  )
AURORA LOAN SERVICES,             )
                                  )
          Defendant.              )
_____ )
```

On September 8, 2011, Plaintiffs, proceeding in propria persona, filed a "Quiet Title Action Verified Complaint; *Ex Parte* Application for Order to Show Cause and Temporary Restraining Order; or in the Alternative for Order for Consolidation." (ECF No. 1.) However, Plaintiffs have not shown that the federal court has subject matter jurisdiction to consider their claim.

"It is a fundamental principle that federal courts are courts of limited jurisdiction." Owen Equip. & Erection Co. v. Kroger, 437 U.S. 365, 374 (1978). "A federal court is presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears." Stock West, Inc. v. Confederated Tribes, 873 F.2d 1221, 1225 (9th Cir. 1989).

"[T]he presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on

1

the face of the plaintiff's properly pleaded complaint." <u>Republican Party of Guam v. Gutierrez</u>, 277 F.3d 1086, 1089 (9th Cir. 2002). Plaintiffs allege a quiet title claim under California Code of Civil Procedure §§ 527, 1048 and California Civil Code § 2934a. (Compl. 14:8-21.) Plaintiffs also allege "the trustee sale was wrongly conducted in breach of Aurora Loan Services LLC's contract with the Federal National Mortgage Association." <u>Id.</u> 14:13-18. Further, Plaintiffs allege "the trustee sale was conducted in violation of [Defendant's] duties to Plaintiff, pursuant to the . . . Home Affordable Mortgage Program." <u>Id.</u> 15:16-18. However, such bare allegations are insufficient to present a federal question on the face of a properly pleaded complaint.

Additionally, Plaintiffs allege "the Plaintiff lives in Yolo County and the Defendant has done extensive business in Yolo County." <u>Id.</u> 2:3-4. Since both parties appear to be California domiciliaries, Plaintiffs have not affirmatively alleged diversity jurisdiction.

Therefore, Plaintiffs' application for a Temporary Restraining Order is DENIED and Plaintiffs' complaint is DISMISSED since the federal court lacks subject matter jurisdiction over Plaintiffs' claim, and the Clerk of court shall close this action.

Dated:  September 12, 2011

_____
GARLAND E. BURRELL, JR.
United States District Judge